DECISION
{¶ 1} ATT, Inc. ("ATT") filed this action in mandamus seeking a writ compelling the Industrial Commission of Ohio ("commission") to vacate its order which did not terminate permanent total disability ("PTD") compensation for David McGraw. *Page 2 
 {¶ 2} In accord with the local rule, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we refuse to grant the relief sought by ATT.
 {¶ 3} ATT has filed objections to the magistrate's decision. Counsel for David McGraw has filed a memorandum in response. Counsel for the commission has also filed a memorandum in response. The case is now before the court for a full, independent review.
 {¶ 4} David McGraw was injured in 1977, suffering the recognized condition of "sprain lumbosacral; herniated nucleus pulposus at L4-5" and "low back laminectomy." He began receiving PTD compensation as the result of an order dated February 26, 1986. ATT filed a motion asking that PTD compensation be terminated in February 2006. The motion was heard by a staff hearing officer ("SHO") in April 2006 and the motion was denied. This mandamus action followed.
 {¶ 5} The parties all agree that the court should be guided byState ex rel. Lawson v. Mondie Forge, 104 Ohio St.3d 39, 2004-Ohio-6086. The parties disagree as to how that guidance should be applied to the facts of this case.
 {¶ 6} ATT argues that the case shows that David McGraw was capable of sustained remunerative employment and therefore should have his PTD compensation stopped. The SHO and the magistrate of this court found otherwise.
 {¶ 7} ATT asserts facts which support the capability to engage in sustained remunerative employment. David McGraw's wife owned a gunsmith and repair shop *Page 3 
which was operated out of the McGraw garage. The sign notifying the public of the existence of the business had a nickname for David McGraw on it, although the name of the business was Stumptown Muzzleloading Supply. David McGraw sold a total of six pistols out of the business. The business being in the McGraw home was frequented by both David and his wife on a daily basis. Federal licensing requirements required someone to be listed as a "responsible person" and David McGraw was so listed. Federal licensing requirements also required that the shop have posted regular business hours and the shop had posted hours.
 {¶ 8} Not surprisingly, the business paid taxes and David McGraw was involved in the decisions related to the business. David also talked to other gun shops about matters related to the business.
 {¶ 9} No evidence indicate that David McGraw drew any salary from his wife's business or that he was personally compensated in any way. A former partner in the business described David's activities as basically puttering around the shop, while the former partner did the serious metal work. The SHO's analysis was that David "was merely keeping busy with permitted sedentary activity relating to a hobby he has had for over 50 years."
 {¶ 10} The SHO's analysis is fully supported by the evidence. Applying the analysis to the legal standards set forth in Lawson, idem., the motion to terminate PTD compensation for David McGraw was properly denied. *Page 4 
 {¶ 11} We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the request for a writ of mandamus.
Objections overruled; writ denied.
WHITESIDE, J., concurs. SADLER, J., concurs separately.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.